IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHELLI DAWN PICKARD, | ) |
| Plaintiff, | ) No. 3:12-cv-644-TC |
| v. | ) FINDINGS & RECOMMENDATION |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income.

Plaintiff asserts disability due to a worsening of fibromyalgia and depression since the time of her last denied application.

After a hearing, the administrative law judge (ALJ) determined that there had not been a change in circumstances indicating a

1 - FINDINGS AND RECOMMENDATION

greater disability since the prior decision. At step four of the sequential evaluation process, the ALJ found that plaintiff was able to perform her past relevant work as a clothing sorter, hostess and security guard. Defendant concedes plaintiff's past work as a clothing sorter and hostess does not qualify as past relevant work under the Social Security Act. Defendant argues that such error is harmless as the past relevant work as a security guard could potentially qualify. Plaintiff does not challenge this.

Plaintiff does contend that the ALJ erred in assessing plaintiff's credibility and lay witness testimony and that benefits should be granted.

While an ALJ is responsible for determining the credibility of a claimant , an ALJ cannot reject a claimant's testimony without giving clear and convincing reasons. Holohan v. Massanari, 246 F3d 1195, 1208 (9th Cir. 2001). In addition, the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony. Id. The evidence upon which the ALJ relies must be substantial. Id.

Plaintiff argues that the ALJ did not specifically identify the testimony that he found not credible. The ALJ only made general statements regarding plaintiff's testimony, referencing "claimant's alleged worsening conditions," "numerous subjective complaints," "limitations ... alleged by the claimant," and "what

2 - FINDINGS AND RECOMMENDATION

she has alleged in her application and testimony." TR. 26-27. This was error.

In addition, the ALJ stated that at the hearing "[t]he claimant testified she exercises frequently, stretches, and goes for walks. " TR. 26.  At the hearing plaintiff actually said " I try to stretch.  I try to walk. I walk around my parking lot because I can only do so much before I start aching." TR. 42.  And contrary to the ALJ's statement that plaintiff "walks to the grocery store" TR 26, plaintiff testified that "she has to drive" to the grocery store.[1]  TR 49.

The ALJ erred in not specifically identifying the testimony that he did not find credible. The ALJ erred in misstating plaintiff's testimony and basing his credibility findings on those statements.  See ,Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998).  The ALJ did not give clear and convincing reasons for rejecting plaintiff's testimony. Despite the ALJ giving other reasons for rejecting claimant's testimony, the errors were not harmless.

Plaintiff testified that her daughter does plaintiff's laundry and shaves plaintiff's legs when she showers because she can't reach down and she no longer takes baths because she can't get out

---

[1] Moreover, the ALJ's finding that plaintiff's pain decreased appears to be a misinterpretation of the pain scale and is not a clear and convincing reason to reject plaintiff's testimony. See TR. 26, TR. 704.

3 - FINDINGS AND RECOMMENDATION

of the tub. Tr. 45. When asked if she leaves her apartment, plaintiff testified:

> I, the whole thing is, is that I don't have a routine. I never know how I'm going to feel in the morning because it depends on how much sleep I've gotten, how much pain I'm in. I try to, you know, take walks and things, but the only shopping that I do is going to the grocery store, and half the time, my daughter is , you know, having to grab things for me, and just, you know, going to the doctor and pretty much just sit at home.

TR. 49.

Remanding for an award of benefits is appropriate in the circumstances of this case. See Beneccke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

## CONCLUSION

The decision of the Commissioner should be reversed and remanded for an award of benefits pursuant to sentence four of 42 U.S.C. §405(g).

DATED this 17T day of September, 2013.

THOMAS M. COFFIN
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION